UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO. 9:98-00322-RMG-27 |
| | ) | |
| v. | ) | |
| | ) | |
| TERRANCE SMALLS, | ) | |
| Petitioner. | ) | |

**GOVERNMENT'S RESPONSE TO PETITIONER'S MOTION TO REDUCE SENTENCE**

The United States of America, by and through its undersigned counsel, files this response to petitioner Terrance L. Smalls' ("Smalls") Motion to Reduce his Sentence. Because Smalls' sentence was based solely on the murder cross-reference, the original guideline calculation is unaffected by the amendment at issue. Therefore, Smalls' challenge to his sentence is not appropriately raised in a § 3582(c) motion, and his motion should be denied.

**I.  BACKGROUND**

In 1998, a task force of local, state, and federal law enforcement officers began an investigation into a drug-trafficking organization operating in the Beaufort area of South Carolina known as the "Burton Boys." Smalls was charged with twenty-eight codefendants in a thirty-three count Second Superseding Indictment. Smalls was named in Counts One, Two, and Three with: (1) Conspiracy to Possess with Intent to Distribute Cocaine and Cocaine Base in violation of 21 U.S.C. §§ 841(a)(1) and 846; (2) on or about December 1994 through January 1995, Smalls and others knowingly and intentionally possessed with intent to distribute cocaine base in violation of Title 21, United States Code, § 841(a)(1) and 2; and (3) on or about December 1994 through January 1995, Smalls and others knowingly and intentionally possessed with intent to distribute cocaine in violation of Title 21, United States Code, § 841(a)(1) and 2.

1

On May 20, 1999, Smalls pleaded guilty to Counts One and Two before the Honorable Sol Blatt, Jr. pursuant to a plea agreement which included a cooperation provision. Both parties stipulated that Smalls was responsible for between 500 grams and 1.5 kilograms of cocaine base. In direct contravention of the terms of his plea agreement, Smalls failed to tell investigators about the 1994 drug-related murder of Audrey Stoeckle ("Stoeckle") in which he participated. Smalls failed a polygraph examination relating to his involvement in the murder, and therefore could not be utilized as a witness against his codefendants during trial. In a post-polygraph interview, Smalls admitted his involvement in the murder and to shooting Stoeckle.

On February 13, 2004, the Honorable Sol Blatt, Jr. sentenced Smalls to 480 months imprisonment, consisting of 240 months on each count, to run consecutively. In determining his sentence, the Court grouped Counts 1 and 2 together under United States Sentencing Guidelines ("USSG") § 3D1.2(d). Ex. 1, PSR 35. The Court found that Smalls was responsible for 1.5 kilograms of crack cocaine, resulting in a base offense level of 38. PSR 36. Thereafter, the Court enhanced Smalls' base offense level by two points for possession of a dangerous weapon under USSG § 2D1.1(b)(1). PSR 37. Lastly, the Court found that Smalls was responsible for Stoeckle's murder and that she was killed under circumstances that would constitute murder if the killing had taken place on federal property under USSG § 2D1.1 and § 2A1.1. PSR 39. During the sentencing hearing, Judge Blatt stated: "I'm convinced beyond a reasonable doubt that you participated in this murder and you shot this girl." *United States v. Smalls*, 134 F. App'x 609, 612 (4th Cir. 2005) (quoting sentencing transcript). Accordingly, the Court cross-referenced the murder as a sentencing enhancement under USSG § 2D1.1(d)(1), resulting in a base offense level of 43. With a Criminal History Category of II, Smalls' guideline sentence was life imprisonment. PSR 67. However, the statutory maximum for both Counts 1 and 2 was twenty years under 21 U.S.C.

§ 841(b)(1)(C), making the maximum applicable sentence forty years. Therefore, the Court sentenced Smalls to two consecutive terms of 240 months on each count "to carry out . . . the Guideline Range as near as possible, or the Guideline Range of life." *Id.* at 613.

Smalls appealed his conviction and sentence, arguing that the district court erroneously considered his post-plea admissions about the murder in violation of his Fifth and Sixth Amendment rights. The Fourth Circuit rejected Smalls' arguments regarding his post-plea admissions. *United States v. Smalls*, 134 F. App'x 609 (4th Cir. 2005). However, in light of *United States v. Booker*, 543 U.S. 220 (2005), the Fourth Circuit vacated Smalls' sentence and remanded it for resentencing. The Fourth Circuit found that the district court's imposed sentence was erroneous under the Sixth Amendment because it exceeded the sentence Smalls would receive for the facts to which he pleaded guilty. *Id.* at 616. The facts to which Smalls pleaded guilty supported an offense level of 38, resulting in a guideline range of 262-327 months. *Id.* However, the district court enhanced his offense level to 43 based on facts related to Stoeckle's murder, to which Smalls did not plead guilty. *Id.* As a result, the Fourth Circuit found that Smalls' sentence should be vacated and remanded. *Id.*

On remand, Judge Blatt considered a revised PSR which attributed over 1.5 kilograms to Smalls and found Smalls responsible for Stoeckle's murder, committed as part of and in furtherance of the conspiracy. The sentence for both counts was again statutorily capped at 20 years under 21 U.S.C. § 841(a)(1) and (b)(1)(C). However, the PSR employed USSG § 5G1.2(d) to impose consecutive terms of imprisonment given that the statutory maximum was lower that the applicable guideline range. As such, Judge Blatt again sentenced Smalls to two consecutive 240-month terms of imprisonment.

Smalls appealed his sentence for a second time. The Fourth Circuit first found that the

district court did not violate Smalls' due process rights by basing his sentence on facts determined by a preponderance of the evidence. *United States v. Smalls*, 185 F. App'x 218, 219–220 (4th Cir. 2006). The Fourth Circuit next found that the sentencing court did not improperly rely on the stipulated drug quantity in the plea agreement but rather on a thorough and detailed presentence report, which found over 1.5 kilograms attributable to Smalls. *Id.* at 220. Regardless—and most importantly for purposes of this motion—the Fourth Circuit found that the drug quantity had "no impact on Smalls' sentence as the murder cross-reference raised Smalls' total offense level to forty-three." *Id.* Importantly, the Fourth Circuit held that Smalls' drug quantity claim lacks merit because there is no indication that the district court relied on a drug quantity stipulation in determining the appropriate sentence. *Id.* Next, the Fourth Circuit held that the district court was not in error in imposing consecutive sentences, holding that "[g]iven that the guidelines' punishment was less [sic] than the statutory maximum, USSG § 5G1.2(d) required that the court impose consecutive sentences." *Id.* at 221. Lastly, Smalls argued that Stoeckle's murder should not have been considered conduct relevant to Count Two, so the court erred in applying the murder cross-reference. *Id.* The Fourth Circuit found that the murder cross-reference was appropriately applied to Counts One and Two, grouped together. *Id.* Therefore, the Fourth Circuit affirmed Smalls' sentence. *Id.*

On January 19, 2017, Smalls filed the present motion to reduce his sentence pursuant to 18 U.S.C. § 3852(c)(2). In his motion, Smalls argues that he is entitled to a reduction in his sentence pursuant to the retroactive amendments under 1B1.10, including Amendments 706, 750, and 782. Because the aforementioned amendments have no effect on Smalls' guideline calculation, the Court should deny his motion.

## II. DISCUSSION

Smalls is not entitled to relief pursuant to 18 U.S.C. § 3582(c)(2) because his guideline calculation was driven by a murder cross-reference and not the drug quantity guidelines. Smalls filed the present motion pursuant to Title 18 U.S.C. § 3582(c)(2) and various USSG Amendments, the most pertinent of which is amendment 782 ("the amendment"). The amendment changed the United States Sentencing Guidelines by reducing most offense levels on the § 2D1.1 Drug Quantity Table by 2 levels and making related adjustments. The amendment became effective on November 1, 2014 and was made retroactive under U.S.S.G. § 1B1.10 and 18 U.S.C. § 3582(c)(2).[1] The latter provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). Therefore, pursuant to § 3582(c)(2), a defendant whose "sentencing range . . . has subsequently been lowered by the Sentencing Commission" may move the district court to reduce his sentence. Title 18 U.S.C. § 3582(c)(2).

However, any reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." Title 18 U.S.C. § 3582(c)(2). The Sentencing Commission's policy statement explains that "[a] reduction in the defendant's term of imprisonment is not consistent with th[e] policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . an amendment . . . does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B) (Nov. 2011); *see also* 18 U.S.C. § 3582(c)(2), § 1B1.10 cmt. n.1(A)

---

[1] In Amendment 788, the Commission decreed that Amendment 782 may be applied retroactively to lower the sentences of previously sentenced inmates.

5

(providing that a reduction in a defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) if an amendment "does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)"). As such, a reduction should occur only where the defendant's sentencing range was lowered through an amendment relating to a specific guideline provision utilized to impose his sentence.

Therefore, 18 U.S.C. § 3582(c)(2) is jurisdictional and limited to a specific set of circumstances. A court cannot expand those limits. *See Braxton v. United States*, 500 U.S. 344, 348 (1991) ("In addition to the duty to review and revise the Guidelines, Congress has granted the Commission the unusual explicit power to decide whether and to what extent its amendments reducing sentences will be given retroactive effect, 28 U.S.C. § 994(u). Section 1B1.10 sets forth the amendments that justify sentence reduction."). The Third Circuit explained:

> It is, thus, clear that only the retroactive amendment is to be considered at a resentencing under § 3582 and the applicability of that retroactive amendment must be determined in light of the circumstances existent at the time sentence was originally imposed. In other words, the retroactive amendment merely replaces the provision it amended and, thereafter, the Guidelines in effect at the time of the original sentence are applied.

*United States v. McBride*, 283 F.3d 612, 615 (3d Cir. 2002) (Court rejected an effort to use § 3582(c) and *Apprendi* to reduce a sentence, because *Apprendi* did not represent an action of the Sentencing Commission lowering a guideline range).

The Fourth Circuit has likewise held that "challenges to the sentencing court's original Guidelines calculations, insofar as they are unaffected by the amendment at issue, are not appropriately raised in a § 3582(c)(2) motion." *United States v. Glenn*, 523 F. App'x 229 (4th Cir. 2013) (citing *United States v. Stewart*, 595 F.3d 197, 201 (4th Cir.2010) (acknowledging that consideration of a § 3582(c)(2) motion does not constitute "a full resentencing by the court");

6

*United States v. Dunphy*, 551 F.3d 247, 251–52 (4th Cir. 2009) (holding that § 3582(c) proceedings "do not constitute a full resentencing of the defendant" and "allow a limited reduction of sentence . . . while prohibiting a complete reevaluation" (internal quotation marks omitted))).  In other words, if the amendment does not affect the guideline range for a particular defendant based on his PSR, § 3582(c) does not authorize a court to lower a sentence.  Stated differently, a reduction can only be based on the amendment and cannot be expanded to other grounds. *See, e.g.*, *United States v. Hunter*, 427 F. App'x 469, 471-71 (6th Cir. Aug. 8, 2011) (refusing to revisit career offender determination in context of § 3582(c) proceeding despite non-retroactive amendment to career offender guideline—adopted after the original sentencing—under which petitioner apparently no longer qualified as career offender); *United States v. Jones*, 2016 WL 25489, at *2 (11th Cir. Jan. 4, 2016) (explaining that petitioner's "argument that he was erroneously classified as a career offender is unavailing because it was a determination made at the original sentencing, unaffected by Amendment 782"); *United States v. Waters*, 648 F.3d 1114, 1118 (9th Cir. 2011) (refusing to consider challenge to original career offender finding in context of § 3582(c) proceeding); *United States v. Crawford*, 522 F. App'x (11th Cir. June 28, 2013) (refusing to revisit petitioner's entitlement to acceptance-of-responsibility reduction and thereby also denying § 3582(c) reduction); *United States v. Glenn*, 523 F. App'x 229 (4th Cir. June 5, 2013) (refusing to revisit "inappropriately applied" murder cross-reference and thereby affirming denial of § 3582(c) reduction).

Smalls' challenge to his sentence is not appropriately raised under § 3852(c) because his guideline calculation is unaffected by the amendment at issue.  Here, Smalls' sentence was based solely on the murder cross-reference, as applied to both Counts 1 and 2 grouped together, and

USSG § 5G1.2(d).[2]  The guideline calculations as applied to crack cocaine quantities had absolutely no bearing whatsoever on Smalls' ultimate sentence.  In fact, the Fourth Circuit, in reviewing Smalls' sentence for the second time, similarly recognized that "the quantity issue ultimately had no impact on Smalls' sentence as the murder cross-reference raised Smalls' total offense level to forty-three." *United States v. Smalls*, 185 F. App'x 218 (2006).  Therefore, Smalls is not entitled to relief under the amendments to the crack guidelines.

Even if § 3852(c) provided a mechanism by which Smalls was entitled to relief and the Court has jurisdiction over his motion, his sentence would be the same today.  Smalls' base offense level would be 32 because he is responsible for 1.5 kilograms of cocaine base.  The base offense level would increase by two levels under § 2D1.1(b)(1) for possession of a dangerous weapon, bringing the offense level to 34.  The murder cross-reference would then apply to both Counts 1 and 2 grouped together under § 2D1.1(d)(1), increasing his offense level to 43.  With a criminal history category II and a total offense level of 43, the applicable guideline range is life imprisonment.  Because the statutory maximum is twenty years on both counts, USSG § 5G1.2 would apply to allow stacking of the maximum penalties for each count, resulting in two 240-month sentences, to be served consecutively.  Therefore, even if Smalls' motion for a reduction in sentence pursuant to § 3852(c) were properly before the Court, he would not be entitled to the requested relief.

---

[2]  United States Sentencing Guideline 5G1.2(d) provides that "[i]f the sentence imposed on the count carrying the highest statutory maximum is less than the total punishable, then the sentence imposed on one or more of the other counts shall run consecutively, but only to the extent necessary to produce a combined sentence equal to the total punishment." U.S.S.G. § 5G1.2(d). Therefore, § 5G1.2(d) provides a mechanism by which Judge Blatt was able to sentence Smalls as close to the life guideline range as statutorily possible by running his sentences on each count consecutively.

### III.  CONCLUSION

For the aforementioned reasons, this Court must deny Smalls' motion to reduce his sentence.

                    Respectfully submitted,

                    BETH DRAKE
                    UNITED STATES ATTORNEY

                    By: s/ *Emily Limehouse*
                    Emily Evans Limehouse (Federal ID #12300)
                    Assistant United States Attorney
                    151 Meeting Street, Suite 200
                    Charleston, South Carolina, 29401
                    emily.limehouse@usdoj.gov

Charleston, SC
February 2, 2018