# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# BEAUFORT DIVISION

| | |
|---|---|
| United States of America, ) | |
| ) | |
| v. ) | Criminal No. 9:98-0322-27-RMG |
| ) | |
| Terrance Smalls, ) | |
| ) | |
| Defendant. ) | **ORDER** |
| ) | |

This matter comes before the Court on Defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c). Defendant asserts that "extraordinary and compelling reasons" exist for a grant of compassionate release. (Dkt. No. 1434). The Government opposes the motion for compassionate release, arguing that the Defendant fails to meet the threshold requirements for compassionate release and remains a threat to the community. (Dkt. No. 1444). Defendant has filed a reply. (Dkt. No. 1448). For reasons set forth below, Defendant's motion for compassionate release is denied.

**Jurisdiction**

To invoke the jurisdiction of this Court, a defendant must first submit to his warden a request for compassionate release and 30 days must have passed. 18 U.S.C. § 3582(c)(1)(A). Defendant submitted a request for compassionate release to his warden on January 25, 2021, requesting a review of his files "for compassionate release." (Dkt. No. 1444-1). Defendant made specific reference in his request to the pandemic and his post-conviction conduct. (*Id*.). The warden responded on March 16, 2021 by denying the request after consideration of the "general guidance" of the applicable Bureau of Prisons ("BOP") compassionate release policy statement. (Dkt. No. 1444-2).

1

The Government argues that Defendant's request to the warden was deficient because it did not mention explicitly all of the grounds now asserted in his motion for compassionate release to the Court. (Dkt. No. 1444 at 9). After conducting a careful review of Defendant's request to the warden, the response of the warden, and the general liberal reading provided to submissions to the Court by *pro se* litigants, the Court finds that the Defendant's request to the warden was sufficient to invoke the Court's jurisdiction in this matter.

### Legal Standards

Recent statutory changes have provided district courts jurisdiction to reduce the sentences of previously sentenced federal inmates on the basis of compassionate release under certain limited circumstances. Defendant must first meet one of the threshold requirements for compassionate release. These include:

1. The inmate is 70 years of age, has served 30 years in prison, and is not a danger to the community, 18 U.S.C. § 3582(c)(1)(A)(ii);

2. Where a defendant has raised the risk of COVID-19 as a basis for compassionate release, the defendant has demonstrated a particularized risk of developing severe illness or death due to his medical conditions, *United States v. High*, 997 F.3d 181, 185 (4th Cir. 2021); or

3. "Extraordinary and compelling reasons" for compassionate release exist, which include "any extraordinary and compelling reasons for release the defendant might raise" and "truly exceptional cases that fall within no statutory category," 18 U.S.C. § 3582(c)(1)(A)(i); *United States v. McCoy*, 981 F.3d 271, 284, 288 (4th Cir. 2020).[1]

---

[1] Sentencing Guideline 1B1.13 and the Application Notes associated with this provision, which are applicable to decisions of the Director of the Bureau of Prisons in making grants of compassionate release and do not constrain the discretion of the district court, may provide "helpful guidance" to district courts. *United States v. McCoy*, 981 F.3d 271, 282 n.7 (4th Cir.

A defendant seeking a sentence reduction on the basis of compassionate release carries the burden of establishing his entitlement to relief. If a defendant meets one of the threshold requirements for compassionate release, the district court must then consider the request for sentence reduction under the standards of 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A).

**Factual Background**

Defendant entered a guilty plea on May 20, 1999 to Conspiracy to Possess with Intent to Distribute and Distribution of Cocaine and Cocaine Base ("Crack") and Possession with Intent to Distribute Cocaine Base ("Crack"). Each offense carried a maximum sentence of 20 years. A multi-day sentencing hearing then followed before the late United States District Judge Solomon Blatt focused on the application of a cross reference for First Degree Murder for the murder of Audrey Stoeckle by Defendant based on the belief she was a "snitch." Defendant's base offense level for the drug offenses was 38, which was increased to a Level 40 with a firearm enhancement.

Judge Blatt ultimately found that he was "convinced beyond a reasonable doubt that you participated in this murder and you shot the girl." *United States v. Smalls*, 134 Fed. Appx. 609, 612 (4th Cir. 2005). With the application of the First Degree Murder enhancement, Defendant's guideline range was Life, but was reduced to 40 years, the statutory maximum. The Fourth Circuit vacated the sentence following *Booker v. United States*, 543 U.S. 220 (2005) and remanded the matter for resentencing. In the subsequent resentencing hearing, Judge Blatt described the murder

---

2020). Among the factors to consider under Sentencing Guideline 1B1.13 and its Application Notes include: (A) whether the inmate is suffering from a mental and/or physical conditions which substantially diminish a defendant's capacity for self-care; (B) whether a defendant is suffering from a terminal illness; and (C) whether the defendant is at least 65 years old, has served the lesser of 10 years or 75% of his sentence, and is experiencing a serious deterioration in physical or mental health because of the aging process.

3

as a "horrible crime" in which the Defendant and a co-defendant "took that girl in that van, to the end of a dirt road and killing her and going back" and "shooting her some more" because "she was making sounds." (Dkt. No. 888 at 31-32). Judge Blatt stated that if he had the right to impose a life sentence he would have done so. (*Id*. at 32). Judge Blatt's sentencing decision was later affirmed by the Fourth Circuit. *United States v. Smalls*, 185 Fed. Appx. 218 (4th Cir. 2006).

Defendant has made two efforts for a sentencing reduction, the most recent in 2021 under the First Step Act. The Court has denied these motions, finding that Defendant did not meet the statutory requirements for a sentencing reduction. (Dkt. Nos. 1364, 1425). The Court's February 2021 order addressed the § 3553(a) factors, finding that the Defendant's "criminal conduct was so reprehensible that a maximum statutory sentence of 480 months was, and remains, the proper sentence in this matter." (Dkt. No. 1425 at 5).

Defendant correctly notes that the Court has broad discretion in determining whether "extraordinary and compelling reasons" for compassionate release exist, even where the Defendant's particular situation does not otherwise qualify him for a sentencing reduction. *United States v. McCoy*, 981 F.3d at 284 (4th Cir. 2020). Defendant contends that changes in the sentencing guidelines since his sentencing would result in a lower guideline range. This is not correct. Defendant's guidelines were driven by the First Degree Murder cross reference, which would still produce today the identical total offense level of 43. Defendant further argues that his youth at the time of his sentencing, lack of a significant criminal history, rehabilitation efforts and length of sentence create extraordinary and compelling reasons for compassionate release. The Court has carefully considered these factors and finds that they do not separately or collectively constitute "extraordinary and compelling reasons" for compassionate release.

Defendant points to an alleged sentencing disparity with his co-defendant, Benjamin Gibbs, who participated with him in the murder of Ms. Stockdale. Defendant Gibbs previously moved for a sentencing reduction under the First Step Act, in which he was eligible for a possible sentencing reduction from his sentence of Life. Defendant Gibbs was then 55 years old and was suffering from a variety of chronic medical conditions, including Type II diabetes, history of stroke, hypertension and hyperlipidemia. The Court granted a sentencing reduction from Life to 35 years, which would make Defendant Gibbs eligible for release sometime between ages 65 and 70. Shortly thereafter, Defendant Gibbs moved for compassionate release due to his chronic medical conditions and the risk of COVID-19. The Court, while finding Defendant Gibbs met the threshold requirements for compassionate release due to his chronic health conditions, denied his motion for compassionate release based on § 3553(a) factors. (Dkt. Nos. 1394, 1409).

The Gibbs situation is readily distinguishable from the Defendant's motion for compassionate release. Gibbs' sentence reduction was pursuant to the First Step Act and provided for his possible release when he was between 65 and 70 years old. Further, Gibbs suffers from multiple chronic medical conditions, which would make him, along with his advanced age, a limited risk for recidivism upon release. The Defendant is presently 48 years old, would be approximately 60 years of age at the time of his estimated release date of July 13, 2033, and has not identified any significant chronic medical conditions.

The other alleged sentencing disparity involved a defendant, Sean Sullivan, who was not part of the Defendant's indictment. Sullivan was initially given a sentence of Life on a murder cross reference but the sentencing judge, Judge Solomon Blatt, reduced his sentence post-*Booker* to 480 months on the basis he was "a follower rather than a leader." (C.A. No. 9:00-263, Dkt. No. 972 at 66). This undersigned subsequently reduced Sullivan's sentence under the First Step Act

5

to 300 months based on Judge Blatt's finding he was a follower, not a leader, was 19 years old at the time of his arrest, and had no prior criminal convictions. (*Id.*, Dkt. No. 1338 at 3). Sullivan's situation is factually distinguishable from Defendant's.

## Discussion

### A. <u>Threshold Requirements for Compassionate Release</u>

The Court has carefully weighed Defendant's arguments in support of compassionate release and finds that the specific circumstances present, both individually and collectively, do not constitute "extraordinary and compelling reasons" for compassionate release. As described above, Defendant's sentencing guidelines are unchanged since his sentencing because of the cross reference for First Degree Murder. Defendant's age, criminal history and post-conviction conduct do not constitute "extraordinary and compelling reasons" for compassionate release. The alleged disparities in sentencing referenced by Defendant are factually distinguishable and do not constitute a basis for compassionate release. In sum, based on the entire record before the Court, Defendant has failed to carry his burden of establishing the threshold requirements for compassionate release.

### B. <u>§ 3553(a) factors</u>

The Court has found that the threshold requirements of compassionate release have not been met. Moreover, even if extraordinary and compelling reasons for compassionate release had been found, the Court would not grant the motion after weighing the following relevant § 3553(a) factors, as set forth below:

1. Nature and Circumstances of the Offense: Defendant was engaged in large scale drug distribution activities and murdered a woman he suspected to be a police informant against him. This conduct was reprehensible and supports the maximum statutory sentence.

2. History and Characteristics of Defendant: Defendant had a prior conviction for trafficking cocaine and additional convictions for failure to stop for a blue light and malicious injury to property. His conduct since commencing his incarceration has been commendable and demonstrates a more positive direction in his life.

3. Seriousness of Offenses of Conviction: Defendant's offenses of conviction were very serious and weigh in favor of a significant sentence.

4. Promote Respect for the Law: In light of Defendant's serious criminal activity and relevant conduct, including a premeditated murder, a significant punishment is necessary to promote respect for the law.

5. Provide Just Punishment for the Offense: A significant sentence is necessary to provide just punishment for Defendant's criminal conduct.

6. Afford Adequate Deterrence to Criminal Conduct: A significant sentence is necessary to deter such conduct by others.

7. Protect the Public from Further Crimes of the Defendant: A significant sentence is necessary to protect the public from further crimes of this Defendant.

After carefully weighing individually and collectively the full record in this matter under the § 3553(a) factors, the Court finds that the sentence previously imposed in this matter is the fair, just and reasonable sentence. The criminal conduct was so reprehensible that a maximum statutory sentence of 480 months was, and remains, the proper sentence in this matter. Defendant's motion for a sentence reduction is denied.

## Conclusion

Based on the foregoing, Defendant's motion for compassionate release (Dkt. No. 1434) is **DENIED**.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

January 18, 2022
Charleston, South Carolina

8